UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK NATIONAL ASSOCIATION, as successor-in-interest to RBC Bank (USA) as successor-in-interest to Community Bank of Naples, N.A., a national banking associationca PNC Bancorp, Inc.

    Plaintiff,

v.                                    Case No: 2:13-cv-282-FtM-29UAM

WILLIAM SCHWIEKHARDT, Trustee of Land Trust Number 8881 dated 8/30/88, WILLIAM SCHWIEKHARDT, Trustee of the Amended and Restated Trust Agreement dated 2/24/94, RICHARD A. VETTER, KAREN L. VETTER, Trustee of the Matthew Vetter Trust dated 7/09, BAYSHORE OWNERS ASSOCIATION, INC., a Florida non-profit corporation, UNKNOWN BENEFICIARIES, of Land Trust Number 8881 dated 8/30/88, UNKNOWN BENEFICIARIES, of the Amended and Restated Trust Agreement dated 2/24/94, and UNKNOWN BENEFICIARIES, of the Matthew Vetter Trust dated 7/09,

    Defendants.
_____

**ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on April 12, 2013.[1] Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between the parties. (Id., ¶ 2.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). The Court is satisfied that the Complaint adequately alleges the amount in controversy in excess of $75,000. (Doc. #1, ¶¶ 11, 12, 23.)

Plaintiff alleges that it is a national banking association with its principal place of business in Pennsylvania. (Doc. #1, ¶ 3.) "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For diversity jurisdiction purposes, a national bank is a citizen of the State designated in its articles of association as its main office. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006). Plaintiff does not allege

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

the location of its main office. Therefore, plaintiff's citizenship is insufficiently pled.

Plaintiff alleges that defendants William Schwiekhardt and Karen L. Vetter, Trustees[2], and Richard A. Vetter all reside in Florida. (Doc. #1, ¶¶ 4-6.) "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning

---

[2] "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464 (1980). Beneficiaries having a material interest in the litigation may also have to be joined and could destroy jurisdiction. E.g., Tick v. Cohen, 787 F.2d 1490, 1494 (11th Cir. 1986)(if judgment could adversely affect the absent beneficiaries' interests, they would be joined if feasible). Plaintiff does not specifically allege that the named Trustees are the real parties.

whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted). Plaintiff has failed to properly allege the citizenship of the individually named defendants based on the allegations of their residency. Therefore, no diversity of jurisdiction is alleged.

The Court may ignore the unknown beneficiaries for purposes of determining diversity. 28 U.S.C. § 1441(b)(1). Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

The Court notes that the Complaint is a "shotgun" pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Plaintiff has incorporated the paragraphs in Count I into the subsequent counts, and therefore the Complaint will also be dismissed on this basis, without prejudice.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction and as a shotgun pleading without prejudice

to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of September, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record