UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK, National Association, as successor-in-interest to RBC BANK (USA), as successor-in-interest to COMMUNITY BANK OF NAPLES, N.A., a national banking association,

    Plaintiff,

v.

WILLIAM SCHWEIKHARDT, Trustee of Land Trust Number 8881 dated August 30, 1988; WILLIAM SCHWEIKHARDT, Trustee of the Amended and Restated Trust Agreement dated February 24, 1994; RICHARD A. VETTER; KAREN L. VETTER, Trustee of the Matthew Vetter Trust dated July ___, 2009; BAYSHORE OWNERS ASSOCIATION, INC., a Florida non-profit corporation; UNKNOWN BENEFICIARIES of Land Trust Number 8881 dated August 30, 1988; UNKNOWN BENEFICIARIES of the Amended and Restated Trust Agreement dated February 24, 1994; and UNKNOWN BENEFICIARIES of the Matthew Vetter Trust dated July ___, 2009,

    Defendants.
_____/

**Case No. 2:13-cv-282-FtM-29UAM**

## AMENDED COMPLAINT

Plaintiff, PNC BANK, National Association, as successor-in-interest to RBC BANK (USA), as successor-in-interest to COMMUNITY BANK OF NAPLES, N.A., a national banking association ("PNC" or "Plaintiff"), sues Defendants WILLIAM SCHWEIKHARDT, as Trustee of Land Trust Number 8881 dated August 30, 1988; WILLIAM SCHWEIKHARDT, Trustee of the Amended and Restated Trust Agreement dated February 24, 1994; KAREN L. VETTER, as Trustee of the Matthew Vetter Trust dated July ___, 2009; RICHARD A. VETTER; BAYSHORE OWNERS ASSOCIATION, INC.; UNKNOWN BENEFICIARIES of Land Trust Number 8881 dated August 30, 1988; UNKNOWN BENEFICIARIES of the Amended and

Restated Trust Agreement dated February 24, 1994; and UNKNOWN BENEFICIARIES of the Matthew Vetter Trust dated July ___, 2009 and states:

**JURISDICTION, PARTIES AND VENUE**

1. Pursuant to Count I of this Amended Complaint, this is an action to foreclose a mortgage on property located in Collier County, Florida; Count II of this Amended Complaint is an action for damages that exceeds $75,000 based on a breach of certain written guaranty agreements; and Count III of this Amended Complaint is an action for damages exceeding $75,000 based on breach of a promissory note.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and this action is between citizens of different states. Venue is proper pursuant to 28 U.S.C. § 1391.

3. Plaintiff, PNC Bank, National Association is a national bank chartered under the laws of the United States, with its home office (main office), as set forth in its Articles of Association, located in the State of Delaware. The principal place of business (headquarters) of PNC Bank, National Association is the Commonwealth of Pennsylvania.

4. Defendant, WILLIAM SCHWEIKHARDT, is the Trustee of Land Trust Number 8881 dated August 30, 1988 and Trustee of the Amended and Restated Trust Agreement dated February 24, 1994 ("Borrower" or "William Schweikhardt"). Borrower is a real party in interest, a citizen of the United States domiciled in Florida, and is, and was at all times material hereto, *sui juris*.

5. Defendant, KAREN L. VETTER, is the Trustee of the Matthew Vetter Trust dated July ___, 2009 ("Karen Vetter"). Karen Vetter is a real party in interest, a citizen of the United States domiciled in Florida, and is, and was at all times material hereto, *sui juris*. As a matter of title, Karen Vetter may seek to claim an interest in the real property sought to be

foreclosed in this action, but said interest is subordinate and inferior to the interest of Plaintiff herein.

6.      Defendant, RICHARD A. VETTER ("Richard Vetter"), is a citizen of the United States domiciled in Florida, and is, and was at all times material hereto, *sui juris*.

7.      Defendant, BAYSHORE OWNERS ASSOCIATION, INC. ("Bayshore Owners Association"), is a Florida corporation, with its principal place of business in Florida. As a matter of title, Bayshore Owners Association may seek to claim an interest in the real property sought to be foreclosed in this action by virtue of assessment lien rights due and owing by Defendant pursuant to that certain Declaration of Condominium of Bayshore Commercial Condominium recorded in Official Records Book 1297, Page 849, as amended by Amendments recorded in Official Records Book 1578, Page 1542, Official Records Book 1578, Page 1545, and Official Records Book 2552, Page 734, as may be subsequently amended, all of the Public Records of Collier County, Florida ("Bayshore Declaration"), or otherwise.  However, any such liens, claims, rights, title or interests against the mortgaged property are subordinate and inferior to the lien and interest of Plaintiff under the mortgage pursuant to the plain language of the Bayshore Declaration.  Specifically, pursuant to § 13.3 of the Bayshore Declaration, "…A lien of the Association for unpaid assessments on any Unit will be subordinate to the lien of any first mortgage on that Unit recorded prior to the date the said unpaid assessment becomes due. When an Approved Mortgagee obtains title to the Unit as a result of the foreclosure of the mortgage held by said Mortgagee or as a result of a conveyance in lieu of foreclosure of the Mortgage held by said Mortgagee, such acquirer of title, its successors and assigns, shall not be liable for the share of the Common Expenses or assessments by the Association pertaining to such Unit which became due prior to acquisition of title in the manner above described, unless such share is secured by a claim of lien for assessments that is recorded prior to the recording of said mortgage…" Therefore should Plaintiff acquire title to the mortgaged property, Plaintiff is not,

and will not be, liable for any past due assessments to Bayshore Owners Association. Should Plaintiff acquire title to the mortgaged property, Plaintiff will commence paying assessments due to Bayshore Owners Association pursuant to the Bayshore Declaration accruing after the date of transfer of title of the mortgaged property.

8. Defendant UNKNOWN BENEFICIARIES of Land Trust Number 8881 dated August 30, 1988 may seek to claim an interest in the real property sought to be foreclosed in this action, but said interest is subordinate and inferior to the interest of Plaintiff herein.

9. UNKNOWN BENEFICIARIES of the Amended and Restated Trust Agreement dated February 24, 1994 may seek to claim an interest in the real property sought to be foreclosed in this action, but said interest is subordinate and inferior to the interest of Plaintiff herein.

10. UNKNOWN BENEFICIARIES of the Matthew Vetter Trust dated July ___, 2009 may seek to claim an interest in the real property sought to be foreclosed in this action, but said interest is subordinate and inferior to the interest of Plaintiff herein.

## THE LOAN, LOAN DOCUMENTS AND PROPERTY

11. On July 26, 2006, Community Bank of Naples, N.A. ("Community Bank of Naples") made a loan in the stated principal amount of $304,926.03 to Borrower to finance commercial property in Naples, Florida (the "Loan") and William Schweikhardt executed and delivered a (Renewal) Promissory Note (the "Renewal Note") in the stated principal amount of $304,926.03 to Community Bank of Naples, a copy of which is attached as Exhibit "A."

12. To secure repayment of the Renewal Note, Borrower executed and delivered to Community Bank of Naples a Mortgage dated May 26, 1999 (the "Mortgage"), which was recorded on June 2, 1999 in Official Records Book 2553, Page 2778 of the Public Records of Collier County, Florida and mortgaged the property described in it, then owned by and in the possession of the mortgagor. A copy of the Mortgage is attached hereto as Exhibit "B."

13. The Renewal Note and Mortgage described in the preceding two paragraphs have been amended and modified by the following:

(i) Assignment of Rents dated May 26, 1999, and recorded June 2, 1999 in Official Records Book 2553, Page 2785 of the Public Records of Collier County, Florida, a copy of which is attached hereto as Exhibit "C."

14. The Renewal Note and Mortgage described in paragraphs 11 and 12 above, as modified and supplemented by the loan documents set forth in (i) above are hereinafter referred to as the "Note and Mortgage."

15. The property subject to the lien of the Mortgage sought to be foreclosed in this action is commercial property located in Naples, Collier County, Florida, which property is more fully described in the Amended Notice of Lis Pendens filed in this action and is hereinafter referred to as the "Property."

16. Upon information and belief, the Property is presently owned by Defendant Karen Vetter, as Trustee of the Matthew Vetter Trust.

**COUNT I**
**ACTION TO FORECLOSE MORTGAGE**

17. This is an action to foreclose the Mortgage on the Property in Collier County, Florida.

18. The Property subject to the lien of the Mortgage sought to be foreclosed herein is fully described in the Amended Notice of Lis Pendens that has been filed concurrently with this Amended Complaint.

19. The allegations of paragraphs 1 through 16 are realleged and incorporated by reference herein.

20. Pursuant to the terms of the Note and Mortgage, Borrower defaulted on the Note and Mortgage by failing to pay the full amount due on the Note on July 26, 2011, which was the maturity date of the Note.

21. The Note and Mortgage have remained in default since July 26, 2011.

22. Plaintiff PNC, as successor-in-interest by merger to RBC BANK (USA) ("RBC") which was the successor-in-interest to Community Bank of Naples, is the owner and holder of the Note and Mortgage. Specifically, on April 11, 2008, RBC acquired the assets of Community Bank of Naples including, but not limited to, the Note, Mortgage and Guaranties at issue in this Amended Complaint, and Community Bank of Naples was merged into RBC as reflected by RBC's filings with the Securities & Exchange Commission. Subsequently, on March 2, 2012, RBC was merged into PNC, and PNC is now the owner and holder of the Note, Mortgage and Guaranties at issue, as evidenced by PNC's filings with the Securities & Exchange Commission. In short, PNC acquired the assets of RBC as of March 2, 2012 including, but not limited to, the Note, Mortgage and Guaranties described in this Amended Complaint; presently, PNC owns and holds the Note, Mortgage and Guaranties at issue.

23. Pursuant to the terms of the Note and Mortgage, Borrower owes Plaintiff $304,865.68 that is due in principal on the Note and Mortgage, accrued and unpaid interest at the rate of 7.125% per annum provided for in the Note, attorney's fees, title search costs and other monies.

24. By reason of the aforesaid defaults under the Note and Mortgage, Plaintiff PNC has been required to employ the undersigned law firm to collect the indebtedness due to Plaintiff under the Note and Mortgage and to institute and prosecute this action; for such employment, Plaintiff has agreed to pay its counsel a reasonable attorney's fee. All costs and reasonable attorney's fees incurred in attempting to collect the indebtedness due to Plaintiff on the Note are, under the terms of the Mortgage, secured by the lien of Plaintiff's Mortgage.

25. All conditions precedent to the maintenance of this action have been performed or have occurred.

WHEREFORE, Plaintiff, PNC, demands a determination of the sum due to it under the Note and Mortgage, and if the sum is not paid within the time set by this Court, that the Property be sold to satisfy Plaintiff's claim, and the estate of Borrower and all persons claiming under or against said Defendant since the filing of the Amended Notice of Lis Pendens be found subordinate to Plaintiff's Mortgage lien and foreclosed and, if the proceeds of a foreclosure sale are insufficient to pay Plaintiff's claim, a deficiency judgment.

## COUNT II
### ACTION ON GUARANTY AGREEMENTS
### (RICHARD VETTER)

26. This is an action for damages in excess of $75,000 exclusive of interest, costs and reasonable attorney's fees.

27. The allegations of paragraphs 1 through 6, 11 through 14, and 20 through 25 are realleged and incorporated by reference herein.

28. On July 26, 2006, Defendant, Richard A. Vetter, executed and delivered to Community Bank of Naples a Commercial Guaranty, in addition to a prior Commercial Guaranty dated May 26, 1999 (the "Guaranties"), copies of which are attached collectively as Composite Exhibit "D." The Guaranties unconditionally guarantee full payment to Plaintiff of all amounts due under the Note and Mortgage.

29. Plaintiff PNC, as successor-in-interest by merger to RBC, as successor-in-interest by merger to Community Bank of Naples, is the owner and holder of the Guaranties.

30. By virtue of their execution of the Guaranties, the Guarantors are liable to Plaintiff for the sum found by this Court to be due to Plaintiff under the Note and Mortgage. Pursuant to the Guaranties, the Guarantors are also liable to Plaintiff for all attorney's fees and costs Plaintiff incurs in attempting to collect the unpaid indebtedness due on the Note and Mortgage.

WHEREFORE, Plaintiff, PNC, demands judgment against Defendant, Richard A. Vetter, for the principal sum of $304,865.68, accrued and unpaid interest thereon, costs, reasonable attorney's fees and such other and further relief as is just and proper.

## COUNT III
## ACTION ON PROMISSORY NOTE

31.  This is an action for damages in excess of $75,000 exclusive of interest, costs and reasonable attorney's fees.

32.  The allegations of paragraphs 1 through 6, 11 through 14, and 20 through 25 are realleged and incorporated by reference herein.

33.  By virtue of its execution of the Note, Borrower is personally liable for full payment of all amounts due to Plaintiff PNC under the Note and Mortgage.

WHEREFORE, Plaintiff, PNC, demands judgment against Borrower for the principal sum of $304,865.68, accrued and unpaid interest thereon, costs, reasonable attorney's fees and such other and further relief as is just and proper.

Dated: September 11, 2013.

Respectfully submitted,

By: /s/ M. Derek Harris
John R. Hart
Florida Bar No. 612553
E-mail: jhart@carltonfields.com
M. Derek Harris
Florida Bar No. 097071
E-mail: mharris@carltonfields.com
**CARLTON FIELDS, P.A.**
CityPlace Tower – Suite 1200
525 Okeechobee Boulevard
West Palm Beach, FL 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
Attorneys for Plaintiff, PNC BANK, National Association, as successor-in-interest to RBC BANK (USA), as successor-in-interest to COMMUNITY BANK OF NAPLES, N.A., a national banking association

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing filing was served via ECF on the following counsel this 11th day of September, 2013:

Lawrence E. Pecan, Esquire
Joe M. Grant, Esquire
Marshall Grant, PL
197 South Federal Highway, Suite 300
Boca Raton, FL 33432
lpecan@marshallgrant.com

*Counsel for Defendants*

                                              By: /s/ M. Derek Harris
                                                  M. Derek Harris
                                                  Florida Bar No.:  097071